UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN JOSE FERNANDEZ QUIROZ (A-Number: 240 994 481),<br><br>          Petitioner,<br><br>   v.<br><br>PAMELA BONDI, *et al.*,<br><br>          Respondents. | No.  1:26-cv-02063-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Franklin Jose Fernandez Quiroz is an is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release.  Doc. 11. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven days after service.

On May 29, 2026, respondents filed objections, objecting "for the reasons stated in their Response to Order to Show Cause."  Doc. 12.  Respondents also request that, if the Court adopts the findings and recommendations, the Court include a carve-out providing that, in the event the immigration court issues a final order of removal, respondents may detain petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal.  *Id.* at 1–2.

Petitioner's detention is currently governed by 8 U.S.C. § 1226(a) because petitioner is

still in active removal proceedings, and as discussed in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302, at *5 (E.D. Cal. Jan. 12, 2026), his liberty interest is based, in part, on his prior release from detention pursuant to § 1226(a).  The statutory authority to detain noncitizens shifts to 8 U.S.C. § 1231 when the 90-day "removal period" begins.  8 U.S.C. § 1231(a)(2)(A).  The "removal period" begins on the latest of the following dates: (1) when "[t]he date the order of removal becomes administratively final"; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).  Detention is mandatory during the removal period.  *See* 8 U.S.C. § 1231(a)(2)(A).

"[T]o obtain a protectible" liberty interest under the Due Process Clause, "a person clearly must . . . have a legitimate claim of entitlement to it."  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  While petitioner may have a protectible liberty interest based on his release pursuant to § 1226(a) while his removal proceedings are pending, the circumstances under which respondents may detain petitioner in the event the detention authority shifts to 8 U.S.C. § 1231(a)(2)(A) is a different question.  That question is not ripe because petitioner has not been ordered removed.  *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (explaining that an issue is not ripe unless an "invasion of a legally protected interest" is "actual or imminent, not conjectural or hypothetical").  This order therefore notes that it does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1.  The findings and recommendations, Doc. 11, are ADOPTED in full.

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3.  Petitioner's motion to expedite, Doc. 10, is DENIED as moot.

2

4. Respondents are ORDERED to release petitioner Franklin Jose Fernandez Quiroz (A-Number: 240 994 481) immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

5. The Clerk of Court is directed to close this case and enter judgment for petitioner.

6. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    June 4, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3